**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HONG PHOY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 05-2791** |
| | : | |
| **JO ANNE BARNHART,** | : | |
| **Commissioner of Social Security** | : | |
| **Administration** | : | |

---

**Diamond, J.**                                                    **March 10, 2006**

## MEMORANDUM

Plaintiff Hong Phoy challenges the denial of her claim for Disability Insurance Benefits and Supplemental Security Income under Titles I and XVI of the Social Security Act.  See 42 U.S.C. § 401 et seq.  The Commissioner and Plaintiff have cross-moved for Summary Judgment. I deny Plaintiff's Motion and grant Summary Judgment in favor of the Commissioner.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Hong Phoy is 54 years old, received a second grade education in Cambodia, and has worked as a punch press operator and housekeeper.  (Tr. 17).  She is single and lives by herself.  (Tr. 17).  She speaks but cannot read or write English.  (Tr. 17, 137–38, 143).

On October 14, 2003, Plaintiff filed DIB and SSI applications, alleging that she had been disabled since September 1, 1995, due to pain in her back and abdomen.  42 U.S.C. §§ 1381–83 (2004); (Tr. 41–43, 57, 66).  Following the denial of her application, Plaintiff requested a hearing before an Administrative Law Judge.  (Tr. 25–28).  On July 20, 2004, the ALJ held a hearing at which Plaintiff and vocational expert Dennis Mohn testified.  (Tr. 129–55).  On September 13,

1

2004, after receiving additional records from Plaintiff's treating physician, the ALJ concluded that Plaintiff was not disabled, finding that she retained the ability to perform medium, semi-skilled work and so could perform her past relevant work as a punch press operator. (Tr. 16–21). On May 11, 2005, the Appeals Council denied review of the ALJ's decision which, thus, became final. (Tr. 8–10).

Plaintiff filed a Complaint in this Court on July 8, 2005. She and the Commissioner then cross-moved for summary judgment. The matter was referred to a Magistrate Judge, who has recommended that I deny Plaintiff's Motion, grant the Commissioner's Motion, and affirm the decision of the Commissioner denying benefits.

## STANDARD OF REVIEW

I may not review the Commissioner's decision *de novo*, nor may I re-weigh the evidence of record. Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). Rather, I must affirm the Commissioner's decision so long as it is supported by substantial evidence. See 42 U.S.C. §405(g); Montes v. Apfel, No. 99-2377, 2000 U.S. Dist. LEXIS 4030, at *2 (E.D. Pa. Mar. 27, 2000) (citing Richardson v. Perales, 402 U.S. 389, 401 (1972)).

Substantial evidence is "that which would be sufficient to allow a reasonable fact finder to reach the same conclusion; while it must exceed a scintilla, it need not reach a preponderance of the evidence." Id. at *2; see also Jesurum v. Sec'y of U.S. Dept. Of Health and Human Services, 48 F.3d 114, 117 (3d Cir. 1995). The ALJ must consider all relevant evidence in the record and provide some indication of the evidence she rejected and why she rejected it. See Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994); Cotter v. Harris, 642 F.2d 700, 704 (3d Cir.

2

1981).  If the ALJ's findings are supported by substantial evidence, then the District Court is bound by them even if the Court would have found different facts.  See Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citing Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)).

The extent of District Court review of a Magistrate Judge's Report is committed to the Court's discretion.  See Jozefick v. Shalala, 854 F. Supp. 342, 347 (M.D. Pa., 1994); see also Thomas v. Arn, 474 U.S. 140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984); Heiser v. Ryan, 813 F. Supp. 388, 391 (W.D. Pa. 1993), aff'd, 15 F.3d 299 (3d Cir. 1994).  The District Court must review de novo those portions of the Report to which objection is made.  28 U.S.C. § 636 (b)(1)(c) (2004).  See generally Goney, 749 F.2d at 7.  The Court may "accept, reject or modify, in whole or in part, the magistrate's findings or recommendations."  Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

## DISCUSSION

To prove disability before an ALJ, a claimant must show that: (1) she is not currently engaged in "substantial gainful activity," as defined by the regulations; (2) she suffers from a "severe impairment;" (3) her disability meets or equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; and (4) she does not have sufficient residual functional capacity to perform her past relevant work.  42 U.S.C. § 423(d)(2)(A) (2004); 20 C.F.R. § 404.1520(b)–(e).  The ALJ then considers a claimant's "ability to perform ('residual functional capacity'), age, education, and past work experience to determine whether or not he is capable of performing other work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f).

Here, the ALJ found that Plaintiff retains the residual functional capacity to perform her

past relevant work as a punch-press operator.  Even though the ALJ found that Plaintiff suffers from back and abdomen impairments, she also found that these impairments do not render Plaintiff disabled.  She also found that Plaintiff's claim of mental impairment was not supported by the record and that it therefore did not constitute a severe impairment.  Rather, the ALJ noted that Plaintiff's "treatment is sporadic and her symptoms do not indicate that she is unable to perform all work activity." (Tr. 20).  Accordingly, the ALJ found that Plaintiff's complaints of physical pain and mental impairment were not credible and concluded that Plaintiff is not disabled.

The Magistrate concluded that the ALJ's findings were supported by substantial evidence. Plaintiff objects to the Report and Recommendation, arguing that the ALJ: (1) had a duty to seek further evidence of mental impairment; (2) improperly rejected medical opinion evidence without adequate explanation; and (3) failed properly to explain her residual functional capacity assessment.

### I.    The ALJ's Duty To Develop The Record

Plaintiff argues that the ALJ had a duty to require Plaintiff to undergo a mental consultative examination in the hope that it might substantiate her claims of mental impairment. Social Security regulations provide that an ALJ is required to develop the record further only when "the evidence we receive from [a claimant's] treating physician is *inadequate* for us to determine whether [the claimant] is disabled."  20 C.F.R. 404.1512(e)(1) (emphasis added). Here, the ALJ found the record *adequate* to determine whether or not Plaintiff was disabled. Because Plaintiff had not received treatment for years, the Pennsylvania Bureau of Disability sent

Plaintiff for a consultative examination prior to the ALJ's July 2004 hearing.  (Tr. 17).  Plaintiff

did not mention any mental impairment at this examination.  The ALJ noted that even Plaintiff's

"treating physicians do not think she is permanently disabled," and that "the consultative

examiner finds that her examination is benign."  (Tr. 20).  Accordingly, the ALJ did not need

additional evidence to make her determination that Plaintiff has no severe mental impairment.

See Thomas v. Barnhart, 278 F.3d 947, 958 (3d Cir. 2002) ("The requirement for additional

information is triggered only when the evidence from the treating medical source is inadequate to

make a determination as to the claimant's disability.").


II.     **The ALJ's Rejection Of Medical Opinion Evidence**

Plaintiff next contends that the ALJ did not properly defer to the conclusion of Plaintiff's

treating physician, Dr. Thongchai Vorasingha, that Plaintiff was temporarily disabled with a

primary diagnosis of "senility 51 y.o."  The Social Security Regulations provide that if

> a treating source's opinion on the issue[s] of the nature and severity of [a
> claimant's] impairment[s] is well supported by medically acceptable clinical and
> laboratory diagnostic techniques and is not inconsistent with the other substantial
> evidence in [the] record, [the opinion will have] controlling weight.

20 C.F.R. § 404.1523.  Accordingly, the ALJ will customarily defer to a treating physician's

opinion.  See Frankenfield v. Bowen, 861 F.2d 405, 408 (3d Cir. 1988); 20 C.F.R. § 404.1527(d).

The ALJ may disregard that opinion, however, if it contradicts itself or is inconsistent with the

entire medical record.  S.S.R. 96-2p, 111 (Supp. 2003); Plummer v. Apfel, 186 F.3d 422, 429 (3d

Cir. 1999) (an ALJ "may afford a treating physician's opinion more or less weight depending on

the extent to which the supporting explanations are provided"); Harris v. Barnhart, No. 03-0213,

2004 U.S. Dist. LEXIS 12927 (E.D. Pa. July 7, 2004); <u>see also</u> <u>Jones v. Sullivan</u>, 954 F.2d 125, 129 (3d Cir. 1991); <u>Adorno v. Shalala</u>, 40 F.3d 43, 48 (3d Cir. 1994).

Here, as noted by the Magistrate Judge, the ALJ did not reject Dr. Vorasingha's "senility" opinion, but rather gave it "little weight" because it was not supported by the record as a whole. (Tr. 20). Dr. Vorasingha wrote the word "senility" on two forms completed for the Pennsylvania Department of Welfare in October 2003, more than five years after he had last examined Plaintiff. (Tr. 18). As the ALJ observed in her decision, Vorasingha nowhere else noted "senility," either in his own treatment notes or in any other document. (Tr. 19–20). Moreover, no other doctor even mentioned senility. (Tr. 19–20). Dr. Vorasingha offered no written explanation for his diagnosis on those one-page, checklist forms, listed no specific impairments, and his records do not contain any mention of any mental complaints. In these circumstances, it was well within the ALJ's province to give little weight to these "senility" entries as inconsistent with Dr. Vorasingha's own observations and the remainder of the record. S.S.R. 96-2p, 11; <u>Plummer</u>, 186 F.3d 429.

### III.   The ALJ's Residual Functional Capacity Assessment

The ALJ found that Plaintiff was limited to performing medium exertional work. (Tr. 20). Medium work requires lifting no more than fifty pounds at a time, with frequent lifting or carrying of objects weighing up to twenty-five pounds. 20 C.F.R. §§ 404.1567(c), 416.967(c). Plaintiff argues that the ALJ did not properly explain her assessment, instead merely announcing Plaintiff's residual functional capacity without either addressing specific functions or supporting her findings with record evidence. After reviewing the record and the ALJ's decision, I find no

error.

The ALJ first identified Plaintiff's severe impairments, then reviewed Plaintiff's medical treatment records and discussed those records in light of Plaintiff's testimony.  (Tr. 17-20).  The ALJ noted that Plaintiff lived by herself, walked without a limp, and sought medical care infrequently.  (Tr. 18).  In addition, one of Plaintiff's treating physicians, Dr. Phuong Ngoc Trinh, refused to complete welfare forms because he believed Plaintiff was healthy.  (Tr. 20).  Dr. Vorasingha opined only that Plaintiff was "temporarily" disabled.  (Tr. 20).  Finally, the ALJ found that Plaintiff's subjective complaints were not credible.  (Tr. 20).

The ALJ must weigh evidence, resolve evidentiary conflicts, and determine credibility. Plummer, 186 F.3d at 429; Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993).  I am obligated to accept the ALJ's findings unless they are without basis in the record.  Torres v. Harris, 494 F. Supp. 297, 301 (E.D. Pa. 1980).  Here, the ALJ offered a careful explanation, considered Plaintiff's testimony in conjunction with the other evidence in the case, and made a determination that was supported by substantial evidence.  This was certainly within the ALJ's discretion.  See Plumer, 186 F.3d at 429; Wilson, 1999 U.S. Dist. LEXIS 16712 at *9.

## CONCLUSION

Because I find substantial evidence supports the ALJ's factual determinations, I overrule Plaintiff's Objections and adopt the Report and Recommendation of the Magistrate Judge.

Appropriate Orders follow.

/s Paul S. Diamond, J.

_____

PAUL S. DIAMOND, J.

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HONG PHOY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 05-2791** |
| | : | |
| **JO ANNE BARNHART,** | : | |
| **Commissioner of Social Security** | : | |
| **Administration** | : | |

_____

**ORDER**

AND NOW, this 10th day of March, 2006, upon consideration of Plaintiff's Motion for

Summary Judgment (Doc. No. 10), Defendant's Motion for Summary Judgment (Doc. No. 11),

Magistrate Judge Charles B. Smith's Report and Recommendation (Doc. No. 15), Plaintiff's

Objections (Doc. No. 16), and any related submissions, Magistrate Judge Smith's Report and

Recommendation is **APPROVED and ADOPTED**.

The Motion for Summary Judgment of Defendant, Jo Ann Barnhart, Commissioner of the

Social Security Administration, is **GRANTED**.

The Motion for Summary Judgment of Plaintiff, Hong Phoy, is **DENIED**.

The Clerk of Court shall close this matter for statistical purposes.

BY THE COURT

/s Paul S. Diamond, J.

_____
PAUL S. DIAMOND, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HONG PHOY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 05-2791** |
| | : | |
| **JO ANNE BARNHART,** | : | |
| **Commissioner of Social Security** | : | |
| **Administration** | : | |

---

## ORDER

**AND NOW**, this 10th day of March, 2006, in accordance with the accompanying

Memorandum and Order, **IT IS ORDERED** that **JUDGMENT** be and the same is **HEREBY**

**ENTERED** in favor of the Defendant, Jo Ann Barnhart, Commissioner of the Social Security

Administration, and against the Plaintiff, Hong Phoy.


_____BY THE COURT

/s Paul S. Diamond, J.


_____

PAUL S. DIAMOND, J.